

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA


RICHARD EARL GEORGE,                    CASE NO: 07-CV-2215-J-(~~LSP~~) POR

         Petitioner,


vs.

v. M. ALMAGER, WARDEN;

_____  Respondent: _____/


PETITIONER'S TRAVERSE TO RESPONDENT'S

ANSWER TO HABEAS CORPUS PETITION


            RICHARD EARL GEORGE, H-56048

            CENTINELA STATE PRISON

            P.O. BOX 921, C4-133

            IMPERIAL, CALIFORNIA 92251


            PETITIONER; IN PRO SE

CR

<u>TABLE OF CONTENTS;</u>

<u>CONTENTS;</u>                                                              <u>PAGES;</u>

Table Contents                                                          i

Table of Authorities                                                    ii-iii

Traverse                                                                1

<u>Arguments:</u>

     I. Introduction                                                    2

    II. Petitioner contends that the
        state courts used a contrary
        standard to admit 1101 (b)
        evidence that was fundamentally
        unfair and violated petitioner's
        due process rights                                            3

   III. Petitioner contends the trial court
        admission of the photo-lineup was
        unduly suggestive and increased
        Mr. Killpack misidentification of
        him                                                           8

   IV. Petitioner contends the trial
        court improperly admitted DNA
        evidence and the state courts
        unreasonably rejected this claim                              11

    V. Petitioner contends that insuff-
        icient evidence corroborated his
        complice's testimony, which was
        factually incredible                                          13

   VI. Petitioner contends that culumative
        error warrants reversal of the
        conviction                                                   16

Conclusion                                                             17

## TABLE OF AUTHORITIES

| CASES: | PAGES: |
|---|---|
| Bretch v. Abrahamson, 507 U.S. 619 | 6 |
| Boyd v. United State, 142 U.S.  458 | 7 |
| Chapman v. California, 386 U.S. 24 | 12 |
| Dowling v. United States, 493 U.S. 342 | 7 |
| Daubert v. Merrell Dow Pharmaceuticals Inc., 509 U.S. 579 | 11,12 |
| Gilbert v. State of California, 388 U.S. 263 | 8,10 |
| Greer v. Miller, 487 U.S. 756 | 6 |
| Jackson v. Virignia, 443 U.S. 307 | 14,15 |
| Lincoln v. Sunn, 807 F. 2d 805 | 16 |
| McKinney v. Ree, 993 F. 2d 1378 | 5,6,7 |
| People v. Kelly, 17 Cal. 3d 24 | 12 |
| Rex v. Doaks Quincy's Mass. Reports 90 (Mass. Supper. Ct. 1763) | 7 |
| Simmon v. United States, 88 S. Ct. 967 | 8,9,10 |
| Stavoll v. Denno, 388 U.S. 293 | 8,10 |
| Sain v. Townsend, 372 U.S. 293 | 13 |
| United States v. Wade, 388 U.S. 218 | 8,10 |
| United States v. Whitten, 706 F. 2d 1000 | 13 |
| United States v. Escalante, 637 F. 2d 1197 | 13 |
| Williams v. Taylor, 529 U.S. 420 | 7,10,12,15 |
| Yst v. Nunnamaker, 501 U.S. 797 | |

State Statute:
| P.C. § 187 | 5 |

State Jury Instruction:
| Cal. Jic. 8.20 | 5 |

State Evid. Code:
| Cal. Evid. Code § 1101 (b) | 3,5,6 |

Federal Statute Law:
| 28 U.S.C § 2254 (d) (1) (2) | 7,10,12 |

## TABLE OF AUTHORITIES
### (CONTINUED)

CASES:                                                    PAGES

fEDERAL OF EVID. CODE:
Fed. Evid. Code § 404 (b)                                   5


 United States Const:
U.S. Const. Fourteenth Amendment                           14

RICHARD EARL GEORGE, H-56048

CENTINELA STATE PRISON

P.O. BOX 921, C4-133

IMPERIAL, CALIFORNIA 92251


PETITIONER; IN PRO SE


IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL GEORGE, | CASE NO; 07-CV-2215-J-(LSP) |
| Petitioner, | TRAVERSE TO RESPONDENT'S |
| vs. | ANSWER TO HABEAS CORPUS |
| V. M. ALMAGER, WARDEN; | PETITION |
| _____ Respondent:   / | |


Petitioner, Richard Earl George< hereby makes this Traverse to Respondent's Answer to Habeas Corpus Petition, pursuant to this court's order *May* , *11th*, 2008, and admits, denies and alleges as follows:

Petitioner denies each and every allegations set forth in Respondent's Answer and realleges all allegations in his Petition for Writ of Habeas Corpus.

WHEREFORE, petitioner respectfully requests that an evidentiary hearing be conducted and his petition for writ of habeas

1.

corpus be granted.

Dated May , 11th 2008

Respectfully Submitted

*Richard Earl George*

RICHARD EARL GEORGE

PETITIONER; IN PRO SE

## I.

## INTRODUCTION

Petitioner, makes no attempt in the instant memorandum to respond to all of Respondent's contentions. Petitioner's initial petition was filed in pro se. All claims raised by petit- ioner were addressed in his petition and are realleged in the foregoing Traverse. In this memorandum petitioner address only those issues meritorious and warrant to make correct s in facts or law..

## MEMORANDUM OF POINTS AND AUTHORITIES

## II.

## ARGUMENT

### PETITIONER CONTEDS THAT THE STATE COURTS USED A CONTRARY STANDARD TO ADMIT 1101 (B) EVIDENCE THAT WAS FUNDAMENTALLY UNFAIR AND VIOLATED PETITIONER'S DUE PROCESS RIGHTS

### (A) THE STATE COURT ERRED IN ADMITTING 1101 EVIDENCE

During trial the court admitted the 1101 evidence to show that Ms. Ledesma motive to initially lie to the police was her fear of petitioner, was a distinct purpose for showing petitioner

had propensity to commit the charged crime. The State Court
of Appeals applied the trial court's finding in reaching it's
decision to deny relief. (See Stat. Ct. App. p. 11)[1]/

Ms. Ledesma initially told detectives that a person named
Eddie Pree walked up to Mr. Duray's car and asked what was
going on before reaching for Mr. Duray's neck (RT. 386) and peti-
tioner did not have anything to do with Mr. Duray's crime. (RT. 390)
Eventually, after much questioning Ms. Ledesma changed her testimony,
accused petitioner of committing the Duray's crime. Her reason
for lying about who actually killed Mr. Duray were because she
was fearful of petitioner. The State used a letter written by
Ms. Ledesma three (3) months previous that described petitioner
had choked her-she was fearful of petitioner, and to explain
why she had lied in her earlier testimony. But, Ms. Ledesma admits
petitioner never choked her and only wrote the letter because
she was upset with petitioner, "You can write Bullshit down..."
(RT 370).

It was error for the trial court to admit "other acts" evi-
dence as character evidence to explain why Ms. Ledesma exhibited
a lying personality. A person's character or traits, whether
they be in the form of an opinion, reputation, or specific instances
of the person's conduct, "is not only impermissible under the

---

1 / The State Hight Supreme Court denied Petition for Review without
opinion and under Yst v. Nunnemaker, 501 U.S. 797, this court must
look through to the State Court last decision in the matter.

theory of evidence codified in the California rules of evidence (Cal. Evid. Code § 1101 (West Supp. 1983) and the Federal Rules of Evidence (Fed. R. Evid. 404 (b)) but is contrary to Anglo American jurisprudence." <u>McKinney v. Rees</u>, 993 F. 2d 1378-80.

To establish that the admission of the letter were more probative than prejudice and petitioner was guilty of first degree murder. The State had to prove the following elements (1) petitioner killed a human being; (2) that the killing was unlawful, and that the killing was done with malice aforethought. (P.C. § 187; Cal. Jic 8.10) In addition, the State had to prove the killing was "willful, deliberate and premeditated," "with express malice aforethought." (Cal. Jic 8.20) Id., at 1382.

The State argues that **Ms. Ledesma's letter** **was** admitted to explain why she lied initially because she was fearful of petitioner and the evidence was probative, a conclusion the State Appellate Courts also adopted.

Since it was undisputed that the letter evidence was a lie composed by **Ms. Ledesma** it was irrelevant to any element of the State's case, including opportunity, and is irrelevant to any argument. The only inference the jury could have drawn from such evidence was that **Ms. Ledesma** had lied about petitioner had choked her and apparently lied about the fear she claim she had of petitioner because of the untrue choking evidence. Thus, the evidence was evidence of another act offered to prove character and giving rise to a propensity inference, and did not tend to prove a fact of consequence, as was the case in <u>McKinney</u> at pp. 1382-1383.

5.

The **McKinney** court  concluded,  that  such  "[A] review of the
record  leads us inexorably to the conclusion that the erroneously
admitted  character  evidence  was  not  only  irrelevant, but just
the  sort of evidence likely to have a  strong impact on the minds
of the jurors," at 1386.   Petitioner  submits  that, the analysis
that  lead  the  court  to  conclude  that the erroneous admission
of propensity evidence rendered **McKinney's** trial     fundamentally
unfair  in  violation  of  his  Due Process rights must be applied
here  and  to  determine  whether petitioner's conviction ,must be
set aside on collateral review.. Id. at 1385.

### (B) Petitioner Submits there is a basis for Relief Under
### AEDPA for the erroneous admission of 1101 evidence:

Here,  in  the  present case, petitioner relied on the Ninth
Circuit authority in **McKinney** interpretation  of the United States
Supreme Court harmless error standard in  **Bretch v. Abrahamson**, 507
U.S. 619 (1993) to  determine  whether  his  constitutional  claim
requires habeas relief. The **McKinney** court  held,  that  a  state
prosecution's  use of 'other acts' as character evidence was fund-
amentally unfair in violation of due process principle and warrant
federal habeas corpus relief under the **Bretch**  test for harmless
error.   Id. at 1385.

Therefore,  the  Respondent's  contention that the 1101 claim
does not provide a basis for relief under  AEDPA because     there
is no controlling United States Supreme Court authority, is without
merits.  (See Resp. Answ. p. 10)

Petitioner submits there is a history of U.S. Supreme Court precedent bearing on the subject of excluding prior wrongful act evidence of defendant's past, cited and relied on by **McKinney**. To start, there is the **Harrison's** trial, where the Lord Chief  Justice excluded evidence of a prior wrongful act of a defendant who was on trial for murder, saying to the prosecution: "Hold, what are you doing now? Are you going to arraign his whole life?...that ought not be; that is nothing to the matter." 12 How. St. Tr. 834 . See **Rex v. Doaks Quincy's Mass. Reports** 90 (Mass. Supper. Ct. 1763) (excluding evidence of former acts of lasciviousness from the trial of a defendant accused of keeping a bawdy house); **Boyd v. United States**, 142 U.S. 458, 12 S. Ct. 292, 295, 35 L. Ed 1077 (1892) (finding that admission of prior crimes committed by defendants so prejudiced their trial as to require reversal); **Dowling v. United States**, 493 U.S. 342, 352, 110 S. Ct. 668, 674, 107 L. Ed. 2d 708 (1990).

The state court applied a contrary standard that allowed the admission of prior act evidence to be used to establish why **Ms. Ledesma** exhibited a lying character, was unreasonable for the state courts to do so where there is no legal precedent that permits such admission and the admission of such evidence was so prejudiced it requires reversal. **Boyd**, **McKinney**. This court can correct this miscarriage of justice by granting habeas relief and a new trial under **Williams v. Taylor**, 529 U.S. 420; 28 U.S.C. § 2254 (d) (1) (2).

III.

PETITIONER CONTENDS THE TRIAL

COURT ADMISSION OF THE PHOTO-

LINEUP WAS UNDULY SUGGESTIVE

AND INCREASED MR. KILLPACK

<u>MISIDENTIFICATION OF HIM</u>

Petitioner assert that the circumstances of the photo identification procedure was so unduly prejudicial as fatally to taint his conviction. <u>Simmon v. United States</u>, (1968) 88 S. Ct. 967, 390 U.S. 377; <u>United States v. Wade</u>, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed 2d 1144; <u>Gilbert v. State of California</u>, 388 U.S. 263, 87 S. Ct. 1951, 18 L. Ed 2d 1178. This is a claim which must be evaluated in light of the totality of surrounding circumstances. See <u>Stovall v. Denno</u>, 388 U.S. 293, 302, 87 S. Ct. 1967, 1972, 18 L. Ed 2d 1199.

It must be recognized that improper employment of photographs by police may sometimes cause witnesses to error in identifying criminals. A witness may have obtained only a brief glimpse of a criminal, or may have seen him under poor conditions. Even if the police subsequently follow the most correct photographic identification procedures and show him the pictures of number of individual without indicating whom they suspect, there is some danger that the witness may make an incorrect identification. This danger will be increased if police display to the witness only the picture of a single individual who generally resembles the person he saw, or if they show him the pictures of several persons among which the photograph of a single such individual recurs or is in some way emphasized...Regardless of how the initial misidentification comes about, the witness thereafter

8.

is apt to retain in his memory the image of the photograph rather than of the person actually seen, reducing the trustworthiness of subsequents lineup or courtroom identification." **390 U.S. 384.**

Mr. Killpack testified that he was on a dark street having sex with a prostitute in the front seat of his car. He notice a car and became frighten but the prostitute calm him down. Sortly thereafter, he saw what appeared to be a shadow of a man coming towards his car and at that time the prostitute **Ledesma** beginned to struggle with him and bite him in the face. **Killpack** tried to hold onto the car door latch to keep the man out while **Ledesma** was on top of him fighting with him. The man outside of the car managed to get the car door open and began choking **Killpack** until he past out. **Killpack** identified his assailant to police as a short dark skin black man, with hair on his head and no facial hair. **Ms. Ledesma** initially told detectives that **Eddie Pree** was responsible for the crime against **Mr. Killpack** and she never told petitioner about the crime. **(RT 387) Mr. Pree** happen to be a dark complexion short man.

The police showed **Mr. Killpack** a photo lineup, that included a photo of petitioner. However, the photo of petitioner was so impermissibly suggestive it directed **Killpack** to misidentify petitioner as his assailant. Petitioner was the only light skin person in the photo lineup and petitioner's photo was the only photo with a green back ground that made his photo stand out and even directed the trial court judge's attention to petitioner's photo and prompt the trial Judge to comment as follows:

> "I took a close look at the photographic
> lineup when it was first submitted to me,
> after reviewing the moving party papers
> and the response. When I look at it, I do

**9.**

remember being directed to it. (RT.
3-4)


When considering the time and condition which **Killpack** had to observe
his assailant. There was no lighting, he was fighting with **Ms. Ledesma**
who was biting him in the face while on top of him and the man had his
hand around **Mr. Killpack's** neck choking him, which happen in a brief minute
or so. **Mr. Killpack** did not have a good opportunity to observe his assailant
in spite of his claim he looked his assailant in the face. Petitioner wore
facial hair and had no hair on his head which **Killpack** failed to identify
correctly concerning both features. Also, petitioner is a light skin person
and not dark skin as **Mr Killpack** told police his assailant was dark skin.

Petitioner contends that **Mr. Killpack** change of his identification
from a dark skin black man to a light skin black man, petitioner's
complexion. Plus, the improper photo display of petitioner depicting him
as the only light skin person with a green back ground was unduly
prejudicial and conducive to irreparable misidentification as fatally to
taint the in-court identification of petitioner at the trial. Petitioner's
conviction of the crime against **Mr. Killpack** rest on a
misstaken identification, which is a gross miscarriage of justice and
violate petitioner's constitutional due process rights to a fair trial.
Wade <u>Gilbert</u>, <u>Stavoll</u>, <u>Id.</u>, <u>at 301-302</u>, <u>87 S. Ct. at 1972.</u>

The failure of the state court to consider the totality of the
circumstances as required under <u>Simmon v. U.S.</u> when rendering it's decision
in this matter was unreasonable and deprived petitioner of a full and fair
hearing on direct appeal and relief can be granted under <u>Williams</u>; 28 U.S.C.
§ 2254 (d) (1) (2) to correct this error.

Reference Argument:

## IV.

### PETITIONER CONTENDS THE TRIAL COURT IMPROPERLY ADMITTED DNA EVIDENCE AND THE STATE COURTS <u>UNREASONABLY REJECTED THIS CLAIM</u>

The invalid scientific DNA procedures used to analyze the crime scene evidence suggesting petitioner was in the statistical calculated DNA profile did not take into consideration the results showing petitioner could be excluded as a contributor to the DNA found in **Duray's** car.<u>2/</u> As such, petitioner was denied due process and a fair trial. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, (1993) 509 U.S. 579 [113 S. Ct. 2786, 125 L. Ed 2d 469].

---

<u>2/</u>The satistical probability that petitioner's DNA was found in Duray's car was used to corroborate Ledesma's lie that petitioner committed the crime when the evidence show Ledesma called petitioner on Duray's cell phone between 6:00 prior to the time the crime was committed on Mr. Duray. (RT 376;739) It does not make sense for Ledesma to call petitioner if he is there with her in the process of committing the crime on Duray.

The satistical calculation admitted was unduly prejudicial and mislead the jury because telling them that petitioner was a probable contributor to the DNA found in **Duray's** car, when in fact under the expert's analysis petitioner could have been excluded as a contributor. As previously argued, without the DNA evidence, there was nothing to corroborate **Ledesma's** claims against petitioner and the error was not harmless, for it is reasonably probable the result would have been more favorable to petitioner had the error not occurred. **Chapman v. California**, 386 U.S. p. 24.

In the matter before the court petitioner contends that the satistical DNA calculation did not comport with proper scientific procedure,therefore, its results was unreliable under **People v. Kelly**, 17 Cal. 3d 24; **Daubert**, **supra**., and unreasonable for the state court to find no abuse of discretion simply because the court was of the opinion, "this is not a situation where the evidence was scientifically unreliable or of no evidentiary value." **(See Stat. Ct. Opin. p. 20)** The issue that was before the court was whether the procedures used was unreliable or not. This court can correct the State's erroneous ruling under **Williams**, **supra.,**. 28 U.S.C. § 2254 (d) (1) (2).

Reference Argument:

## V.

### PETITIONER CONTENDS THAT INSUFFICIENT
### EVIDENCE CORROBORATED HIS ACCOMPLICE'S
### TESTIMONY, WHICH WAS FACIALLY INCREDIBLE

Here, Ledesma's testimony was not credible, and rendered petitioner' trial fundamentally unfair. Ledesma initially told police that a man name Eddie Pree help her rob Mr. Killpack and Pree's physical description matched the description Mr. Killpack initially gave to the police.[3] If Ms. Ledesma called petitioner on Duray's cell phone just prior to the crime being committed against Mr. Duray, it was impossible for petitioner to have been there committing the crime at 6:00 a.m., with Ms. Ledesma. Niether the state or the defense investigated the time Ms. Ledesma called petitioner on duray's cell phone and petitioner whereabout during that tim frame. A key piece of evidence that petitioner contends would show he was not at the crime scene but was at his mother's resident Maudester E. George, statement (RT. 1004-1021)and exonerate him. An evidentiary hearing should be granted to resolve those factual questions. Sain v. Twonsend, 372 U.S. 307, 312 (1963).

Petitioner's conviction cannot be sustained because Ms. Ledesma's testimony is inredible and unsubstantial on its face. United States v. Whitten, 706 F. 2d 1000, 1007 (9th Cir. 1983); United States v. Escalante, 637 F. 2d 1197, 1200 (9th Cir) Ledesma's testimony implicating petitioner

---

_3/ Ms. Ledesma admit using Killpack's credit card and petitioner's car. Killpack's identification was tainted by improper photo lineup procedures.

was incredible because she initially identified **Eddie Pree** as the person responsible for committing the crime against **Mr. Killpack** and indicated that petitioner was at another location where she had to call him during the crime of **Mr. Duray**. However, when the detectives became interested in petitioner **Ms. Ledesma** changed her story and implicated petitioner as the assailant in the crimes. It was the detectives' interest that shaped **Ms. Ledesma's** story.

The jury was not aware that **Mr. Killpack** and **Ms. Ledesma's** identification of the assailant who attacked **Mr. Killpack** was similar, but of a different description than petitioner.**4/** Viewing the evidence in the light most favorable to the state, there was insufficient evidence that connect petitioner to either crime absence **Ms. Ledesma's** incredible stories implicating petitioner to apparently save herself from an even harsh punishment. <u>Jackson v. Virignia</u>, 443 U.S. 307.

Therefore, it was unreasonable for the state court to find **Ms. Ledesma'** testimony was sufficient to corroborate the weak evidence implicating petitioner. It would be a gross miscarriage of justcie in violation of petitioner's **Fourteenth Amendment** rights to a fair trial to sustain his conviction on **Mr Killpack** misidentification and **Ms. Ledesma'**

---

4/ Petitioner submits that had he open Mr. Killpack's car door his fingerprints would have been discovered on the car door latch since there was no evidence of the person who choked him wore cloves and there was no evidence the person wiped the car clean. The prints discovered on Killpack's car door did not match petitioner's prints. Also, there would have been a substantial amount of DNA evidence confirming petitioner presence at the crime scene.

14.

incredible stories implicating petitioner to apparently save herself from an even harsher punishment. **Jackson v. Virignis**, 443 U.S. 307.

Therefore, it was unreasonable for the state courts to find **Ms. Ledesma's** testimony was sufficient to corroborate the weak evidence implicating petitioner in this case and under **Williams** ; 28 **U.S.C.** § 2254 **(d) (1) (2)** this court can grant habeas relief to correct the unlawful judgment.

15.

Reference Argument:

## VI.

## PETITIONER CONTENDS THAT CUMULATIVE
## ERROR WARRANTS REVERSAL OF THE CONVICTION

Petitioner re-submit his previous claim that state law errors "that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may culumatively produce a trial setting that is fundamentally unfair." Lincoln  v. Sunn, (9th Cir. 1987) 807 F. 2d  805; 814, fn . 6; Greer v. Miller, (1987) 487 U.S. 756, 764 [97 L. Ed 2d 468; 107 S. Ct. 3102]; Rose v. Lundy, 1982) 455 U.S 509, 531, fn. 8 [71 L. Ed. 2d 379;102 S. Ct. 1198].

Petitioner submits that it is reasonably probable that the result would have been different and more favorable to petitioner but for the improper admission of the DNA evidence, identification evidence and prior bad acts evidence, there was nothing to corroborate Ms. Ledesma's claims that petitioner was her accomplice. The errors was compounded by other errors, and the culumative effect was multiplied. Cumlumative error may infect "the trial with unfairness as to make the resulting conviction a denial of due process."

## CONCLUSION

For the foregoing reasons set forth demonstrating petitioner's constitutional rights to a fair trial was infringed upon by improper admission of other bad acts evidence, misidentification evidence, unreliabl DNA procedural practices and untrustworthy contradicted evidence, this

16.

court in the interest of justice should find that petitioner received an unreasonable state appellate review and grant habeas relief that is deemed appropriate.

Dated: *May* , *11th* , 2008


Respectfully Submitted

*Richard Earl George*

RICHARD EARL GEORGE

PETITIONER: IN PRO SE

17.

| Short Title: | Court Case No: |
|---|---|
| Richard Earl George v. V. M. Almager | 07-CV-2215-J-(LSP) |

# Proof of Service By Mail

I am over the age of 18 and a party/not a party (mark one out) to the cause.

I am a resident of or employed in the county where the mailing occurred. My

residence or business address is (specify): CENTINELA STATE PRISON (I.D. # H-50648
2302 BROWN ROAD
P.O. BOX 921
IMPERIAL, CA. 92251

I served the attached:  Petitioner's Traverse

By enclosing true copies in a sealed envelope addressed to each person

whose name and address is given below and depositing the envelopes in the

United States mail with the postage fully prepaid. in the County of Imperial.
Date of deposit:_____,2007

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

Southern District Court

880 Front Street, Rm., 4290

San Diego, California 92101-8900

Attorney General Office

110 West "A" Street, Suite 1100

San Diego, CAlifornia 92101

I certify under penalty of perjury that the foregoing is true and correct.

DATE: *May, 11th, 2008*

*Richard Earl George*
(TYPE OR PRINT NAME)

▶ *Richard Earl George*
(SIGNATURE OF DECLARANT)

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA


RICHARD EARL GEORGE,                    CASE NO:07-CV-2215-J-(LSP)

          Petitioner,                   NOTICE OF MOTION AND MOTION

                                        FOR ENLARGMENT OF TRAVERSE

VS.                                     BY 7 PAGES

V. M. ALMAGER, WARDEN;

_____Respondent:_____/


    TO; THE HONORABLE PRESIDING CHIEF JUDGE AND THE HONORABLE

        MAGISTRATE JUDGE FOR THE SOUTHERN DISTRICT COURT OF THE

        STATE OF CALIFORNIA:

    COME NOW, RIACHARD EARL GEORGE, the above-entitled petitioner,

will the above-named c ourt on or about_____,___,2008, at 8:30

a.m., or 9:30 a.m., or as soon as this pro se petitioner can be

heard, for a motion to enlarge the traverse pages by 7.

    Said motion is based on the files, records, papers, pleading,

and notice.

    Dated: May___,11th,2008


                                Respectfully Submitted

                                *Richard Earl George*

                                RICHARD EARL GEORGE


                                PETITIONER: IN PRO SE

| Short Title: | Court Case No: |
|---|---|
| Richard Earl George v. A. M. Almager, Warden | 07-CV-2215-J-(LSP) |

# Proof of Service By Mail

I am over the age of 18 and a party/not a party (mark one out) to the cause.

I am a resident of or employed in the county where the mailing occurred. My

residence or business address is (specify): CENTINELA STATE PRISON (I.D. #
H-50648

2302 BROWN ROAD
P.O. BOX 921
IMPERIAL, CA. 92251

I served the attached: Motion for enlargement of Traverse Pages

By enclosing true copies in a sealed envelope addressed to each person

whose name and address is given below and depositing the envelopes in the

United States mail with the postage fully prepaid. in the County of Imperial.

Date of deposit: *May 11th* , 2008

## NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

Southern District Court

880 Front Street, Rm., 4290

San Diego, CAlifornia 92101-8900

Attorney General Office

110 West "A" Street, Suite 1100

San Diego, CAlifornia 92101

I certify under penalty of perjury that the foregoing is true and correct.

DATE: *May 11th, 2008*

*Richard Earl George*
(TYPE OR PRINT NAME)

*Richard Earl George*
(SIGNATURE OF DECLARANT)