# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL GEORGE ) | Civil No. 07cv2215 J (POR) |
| ) | |
| Petitioner, ) | **ORDER:** |
| v. ) | **(1) GRANTING IN PART PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY** |
| V.M. ALMAGER, Warden, et al., ) | |
| ) | **(2) GRANTING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS** |
| Respondent. ) | |

    Petitioner Richard Earl George ("Petitioner"), a state prisoner, filed a Petition for Writ of Habeas Corpus with this Court, challenging his conviction pursuant to 28 U.S.C. § 2254 on November 19, 2007. (Pet. 1.) On November 7, 2008, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), Magistrate Judge Louisa S. Porter submitted a Report and Recommendation ("R&R"), recommending that this Court deny the Petition in its entirety. [Doc. No. 15.] Petitioner timely filed objections to the R&R. (Objection 1.) On February 4, 2009, Petitioner made a request for appointment of counsel, pursuant to 18 U.S.C. § 3006A. [Doc. No. 23.] The Court subsequently overruled Petitioner's objections, denied Petitioner's motion for request for appointment of counsel, adopted the R&R, and denied the Petition. (Order 26.) Petitioner now seeks a certificate of appealability pursuant to 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). [Doc. No. 28.] Additionally, he seeks leave to proceed in forma pauperis. [*Id.*] For the reasons set forth below, the Court **GRANTS** Petitioner's Application as to Claim 1. The Court **DENIES**

Petitioner's Application as to Claims 2, 3, 4, and 5.  Additionally, the Court **GRANTS** Petitioner's Motion for Leave to Appeal in Forma Pauperis.

### *Legal Standard*

A state prisoner may not appeal the denial of a § 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge.  28 U.S.C. § 2253(c)(1)(A); *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997).  In deciding whether to grant a certificate of appealability, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted.  *See Asrar*, 116 F.3d at 1270.  A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 (c)(2).  To meet this standard, Petitioner must show that: (1) the issues are debatable among jurists of reason; (2) a court could resolve the issues in a different manner; or (3) the questions are adequate to deserve encouragement to proceed further.  *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000) and *Barefoot v. Estelle*, 463 U.S. 880 (1983)).  Petitioner does not have to show "that he should prevail on the merits.  He has already failed in that endeavor."  *Lambright*, 220 F.3d at 1025 (citing *Barefoot*, 463 U.S. at 893 n.4).

### *Discussion*

Petitioner seeks a Certificate of Appealability on five issues: 1) whether the trial court improperly admitted evidence of a prior choking incident; 2) whether the trial court improperly admitted evidence of an unduly suggestive photo lineup; 3) whether the trial court improperly admitted unreliable DNA evidence; 4) whether insufficient evidence corroborated Petitioner's accomplice's testimony; and 5) whether the cumulative effect of the errors at Petitioner's trial deprived him of due process.  The Court will discuss each issue in turn.

A.  *Claim One - Improper Evidence of a Prior Choking Incident*

Petitioner first argues the trial court improperly admitted evidence of a prior choking incident, violating his right to due process.  (Application 6.)  In order for the Court to certify an appeal on this issue, Petitioner must establish that reasonable jurists could debate whether the

omission of the written instruction violated his due process rights. *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000).

The trial court admitted a letter in which Petitioner's accomplice wrote Petitioner choked her, attempting to kill her, in the past. (Application 6.) In his Application, Petitioner contends the letter is highly prejudicial, of limited probative value, and admitted as propensity evidence in violation of Cal. Evid. Code § 352 and Cal. Evid. Code § 1101(a). The Court held the choking evidence supported at least one permissible inference unrelated to Petitioner's bad character or propensity to commit the charged crimes. (Order 11.) Specifically, the Court noted the choking evidence was relevant to show Petitioner's accomplice's motive to initially lie to the police. (*Id.*)

Cal. Evid. Code § 352 grants courts discretion to exclude evidence if its probative value is substantially outweighed by the probability that its admission will: (1) necessitate undue consumption of time; or (2) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury. Cal. Evid. Code § 1101(a) generally prohibits introducing evidence a defendant committed acts, other than those charged, to prove he or she is a person of bad character or has a criminal disposition. Cal. Evid. Code § 1101(b), however, allows introduction of such evidence to prove issues such as identity, intent, motive, and lack of mistake or accident. Reasonable jurists could debate whether the evidence of the choking incident was introduced to show Petitioner is of bad character or has a criminal disposition, prohibited by § 1101(a), or whether it was introduced to prove issues such as identity, intent, motive and lack of mistake or accident, permissive under § 1101(b). Accordingly, the Court **GRANTS** a certificate of appealability in regard to Petitioner's Claim One.

*B. Claim Two - Photo Lineup*

Petitioner claims the trial court improperly admitted evidence of an unduly suggestive photo lineup, violating his right to due process. (Application 6.) Specifically, he argues the photograph had a green background while the other photographs had a blue background, and therefore the photo lineup was unduly suggestive. (*Id.*) The Court found the photo lineup was not suggestive. (Order 15.) Even assuming *arguendo* the photo lineup was suggestive, the

Court determined Petitioner failed to show there was a substantial likelihood of misidentification. (*Id.*)

Petitioner can support his claim if he can establish that reasonable jurists could disagree as to whether the photo lineup was unduly suggestive. *See Lambright*, 220 F.3d at 1025. The Ninth Circuit has determined that while variant background hues arguably amount to an identifiable difference in appearance, these "[i]nsubstantial differences . . . do not in themselves create an impermissible suggestion that the defendant is the offender." *United States v. Burdeau*, 168 F.3d 352, 357 (9th Cir. 1999). This is not an issue debatable among jurists of reason. As such, the Court **DENIES** a certificate of appealability as to this issue.

*C. Claim Three - DNA Evidence*

Petitioner next contends the trial court improperly admitted unreliable DNA evidence. (Application 6.) Specifically, he argues the statistical calculations used by the criminalist did not take into account a genetic combination that excluded Petitioner. (Application 6-7.)

As the California Court of Appeal noted, (1) the police department used a conservative approach and sets a higher threshold than some other laboratories; (2) had the police used a lower threshold, it might have been more damaging to the defense than the expert opinion offered; (3) the statistical analysis was relevant to show the percentage of the population that could be excluded for not possessing a 14 allele; and (4) the prejudicial effect was minimized because (a) "it was clearly presented to the jury that this was a limited DNA analysis, complicated by the low levels of DNA and the multiple contributors;" and (b) "the jury was fully apprised that it was not possible to determine whether the 14 allele had been contributed by a homozygote and that it was possible the DNA had been contributed by heterozygotes with 13, 14, and 15 alleles, a situation that would exclude George as a donor." (Lodgment No. 8 at 14-19.) Given this information, reasonable jurists could not disagree the DNA evidence was properly admitted. Thus, the Court **DENIES** a certificate of appealability for this claim.

*D. Claim Four - Insufficient Evidence Corroborated Accomplice's Testimony*

Petitioner argues insufficient evidence corroborated Petitioner's accomplice's testimony and therefore could not be used to support the verdicts. (Application 7.) He further contends the

accomplice's testimony was unreliable. (*Id.*) Additionally, Petitioner argues that without the accomplice's testimony, there was insufficient evidence to support a guilty verdict beyond a reasonable doubt. (*Id.*)

The California Court of Appeal determined the accomplice's testimony regarding the Killpack robbery is supported by the following: (1) the accomplice testified that Petitioner robbed and assaulted Killpack, and Killpack identified Petitioner in court as the person who robbed and strangled him; (2) the accomplice testified she threw the car keys out of the window, and the police located Killpack's keys in the dirt near where his car was parked during the robbery; (3) the accomplice testified she took everything of value out of Killpack's wallet including the Shell gas card, and Shell gas receipts were located in Petitioner's car; and (4) the transactions from after the robbery and before the card was cancelled occurred at gas stations near the motel where Petitioner was staying and the location where Petitioner was working. (Lodgment No. 8 at 21-24.) With regard to the Duray robbery and murder, the accomplice's testimony was supported by the following: (1) the accomplice testified she threw Duray's keys out of the window, and Duray's car keys were located near where his car was parked; (2) the accomplice testified she heard someone on Duray's cell phone during the attack, and this was corroborated both by phone records and the testimony of Duray's daughter; (3) the accomplice testified that Petitioner kept Duray's wallet after the incident, which was supported in that Petitioner had a new wallet on him when arrested, and Duray's son testified that Duray had recently purchased a new wallet. (*Id.*)

Based on the foregoing evidence, reasonable jurists would not disagree sufficient evidence existed to support the accomplice's testimony and indicate the reliability of the testimony. Accordingly, this Court **DENIES** a certificate of appealability for this claim.

*E. Claim Five - Cumulative Error*

Petitioner contends the cumulative effect of the evidentiary errors warrants a reversal. (Application 7.) The Ninth Circuit has explained, "Cumulative error applies where 'although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors may still prejudice a defendant.'" *Mancuso v. Olivarez*, 292

F.3d 939, 957 (9th Cir. 2002) (quoting *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996).

Petitioner has only shown reasonable jurors might disagree in regard to Claim One, that the trial court improperly admitted evidence of a prior choking incident, thereby violating his right to due process.  Because no "cumulative effect of multiple errors" exists, the Court **DENIES** a certificate of appealability for this claim.

*F.  Motion for Leave to Proceed in Forma Pauperis*

In any case where the petitioner has been granted leave to file the action in forma pauperis, pauper status automatically continues for the appeal from a subsequent order or judgment, unless the district court certifies that the appeal is taken in bad faith or finds that the party is not otherwise entitled to continuing pauper status.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).  The Court finds no reason to revoke pauper status and therefore **GRANTS** Petitioner's Motion for Leave to Appeal in Forma Pauperis.

*Conclusion*

For the foregoing reasons, the Court **GRANTS** Petitioner's Application as to Claim 1.  The Court **DENIES** Petitioner's Application as to Claims 2, 3, 4, and 5.  Additionally, the Court **GRANTS** Petitioner's Motion for Leave to Appeal in Forma Pauperis.

**IT IS SO ORDERED**.

**DATED:  December 10, 2009**

*(signature)*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**